# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**CHRISTOPHER G. MILLER,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0418** (BOR Appeal No. 2054791)
                         (Claim No. 2018023716)

**MINE BATTERY SERVICE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Christopher G. Miller, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Mine Battery Service, Inc., by Counsel Timothy E. Huffman, filed a timely response.

The issues on appeal are additional compensable conditions and temporary total disability. The claims administrator closed the claim for temporary total disability benefits on November 7, 2018, and again on November 18, 2018. On February 27, 2019, the claims administrator denied the addition of displacement of intervertebral disc, spondylosis, and myalgia to the claim. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decisions in its November 4, 2019, Order. The Order was affirmed by the Board of Review on May 21, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions . . . .

1

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Miller, a laborer, was injured on April 23, 2018, while lifting a heavy spool of wire. He sought treatment that day from MedExpress where he reported that he heard a pop in his back while lifting a spool of wire. He immediately felt pain in his lower back that radiated down his legs. X-rays showed no acute findings. Mr. Miller was to return to work on April 25, 2018, on modified duty. He could return to full duty on May 2, 2018. The Employees' and Physicians' Report of Injury, completed that day, indicates Mr. Miller injured his back while lifting an eighty-pound spool of wire. The physician's section lists the injuries as lumbar sprain and lumbosacral radiculopathy. Mr. Miller could return to work on April 25, 2018. The claim was held compensable for lumbar sprain on April 27, 2018.

A lumbar MRI was performed on May 3, 2018, and showed disc desiccation, disc space height loss, and an L1-L2 disc herniation. Mr. Miller returned to MedExpress on May 21, 2018, for worsening pain after physical therapy. He stated that he had developed a popping sound in his lower spine. He was diagnosed with lumbosacral radiculopathy. Mr. Miller was referred to Robert Crow, M.D., a neurologist. On May 30, 2018, Dr. Crow noted that Mr. Miller had no significant back or leg pain prior to the compensable injury. It was further noted that Mr. Miller's symptoms worsened with physical therapy. Dr. Crow interpreted the lumbar MRI as showing mild spondylosis. Dr. Crow diagnosed lumbar spondylosis without myelopathy or radiculopathy and lower back strain. He found no indication for surgery.

A June 9, 2018, treatment note from Beckley ARH Hospital indicates Mr. Miller reported pain in his lower back, hips, and legs after he rolled over and heard a pop. He stated that he suffered a work injury in April of 2018. A CT scan showed no acute findings, foraminal stenosis, or neural stenosis. Mr. Miller was diagnosed with low back pain.

Rebecca Thaxton, M.D., performed a Physician Review on June 12, 2018, in which she recommended that referral to a pain clinic be denied. She stated that imaging findings showed no indication of an acute injury. Further, Dr. Crow found no discrete, claim-related acute findings on examination that would indicate a need for referral to a pain clinic. Dr. Thaxton stated that the

record shows the referral was made upon Mr. Miller's request. Dr. Thaxton noted that Mr. Miller had not returned to work.

In an August 10, 2018, Functional Capacity Evaluation, it was determined that Mr. Miller was capable of performing medium physical demand level work but could not return to his preinjury employment as a laborer. The position of laborer is considered to be in the heavy physical demand level. The evaluator noted that Mr. Miller was working modified duty with his preinjury employer. It was recommended that Mr. Miller stop working and participate in a work conditioning/hardening program.

On August 14, 2018, Mr. Miller again sought treatment from MedExpress. He reported sharp pain radiating down both legs when he walked. He was diagnosed with right-sided sciatica. Mr. Miller was released to return to modified duty on August 15, 2018. The following day, Mr. Miller was seen at Raleigh General Hospital Emergency Department for chronic low back pain due to an April of 2018 work injury. Mr. Miller was diagnosed with low back pain and excused from work for two days.

In an August 20, 2018, treatment note, Barry Levin, M.D., noted that Mr. Miller reported that his legs had been giving out on him. While he was sweeping at work recently, his legs gave out and he fell, causing popping in his neck and midback. Dr. Levin diagnosed spondylosis, lumbar sprain, and myalgia. It was noted that Mr. Miller attempted work hardening but was unable to complete the program. He continued to remain off of work. Mr. Miller returned on August 29, 2018, and reported worse pain. The diagnoses were back pain, lumbar spondylosis, and focal intervertebral disc protrusion. Dr. Levin excused Mr. Miller from work from August 29, 2018, until September 27, 2018.

In an Independent Medical Evaluation on September 10, 2018, Prasadarao Mukkamala, M.D., found that Mr. Miller had reached maximum medical improvement for his compensable lumbar sprain. Dr. Mukkamala stated that Mr. Miller required no maintenance care other than a home exercise program. He opined that Mr. Miller could return to work at the light physical demand level with restrictions due to his noncompensable pre-existing degeneration. Dr. Mukkamala found that Mr. Miller had 6% impairment.

Mr. Miller returned to Dr. Levin on September 12, 2018, and reported sharp pain in his lower back and legs as well as numbness and tingling in his legs and feet after physical therapy. Dr. Levin diagnosed chronic back pain, myalgia, and lumbar spondylosis. Mr. Miller returned on September 26, 2018, and was diagnosed with chronic pain, spondylosis, cervical sprain, and lumbar sprain. He was placed on modified duty. A lumbar MRI showed disc degeneration and L1-2 disc herniation without impingement on October 26, 2018.

In an October 30, 2018, treatment note, Dr. Levin reviewed the MRI and diagnosed back pain, lumbar strain, and lumbar spondylosis. He stated that the MRI showed a disc protrusion at L1-2, which was the cause of Mr. Miller's symptoms. Dr. Levin noted that Mr. Miller's injury was a disc protrusion as well as a lumbar sprain. Mr. Miller was to return to work with the restriction

3

of no lifting. The claims administrator closed the claim for temporary total disability benefits on November 7, 2018, and issued a second decision saying the same on November 18, 2018.

Mr. Miller testified in a December 14, 2018, deposition that on the day of his injury, he squatted down to lift a one-hundred-pound spool of wire and felt a pop in his lower back. Mr. Miller underwent physical therapy and returned to work with light duty restrictions. Mr. Miller stated that he continued to have numbness and instability in his legs. He testified that he filed a claim for an August 14, 2018, injury that occurred when he was sweeping at work and his legs gave out. He attempted to catch himself on a table and felt a pop in his neck and back. Mr. Miller stated that he immediately sought medical treatment and was taken off of work for a few days. Mr. Miller was released to return to work by Dr. Levin on October 30, 2018, with the restriction of lifting no more than ten pounds. Mr. Miller testified that his plant manager suggested that he request a layoff because the employer was unable to accommodate Mr. Miller's restrictions. Mr. Miller was laid off and continued to be unable to work. Mr. Miller stated that prior to his August 14, 2018, injury, he could not perform his normal job duties because of his April 23, 2018, low back injury. Mr. Miller attributed his current inability to work to his April 23, 2018, injury.

Dr. Levin completed a December 17, 2018, Diagnosis Update in which he requested the addition of spondylosis, late effect of sprain and strain without mention of tendon injury, myalgia and myositis, and displacement of intervertebral disc without myelopathy to the claim. It was noted that the April 23, 2018, injury caused a lumbar sprain and exacerbated the other preexisting conditions. On January 9, 2019, Dr. Levin diagnosed chronic back pain and lumbar spondylosis.

In a January 11, 2019, Physician Review, Syam Stoll, M.D., opined that spondylosis, lumbar sprain, myalgia, and lumbar disc displacement without myelopathy should not be added to the claim. He stated that Mr. Miller suffered a lumbar sprain, for which he reached maximum medical improvement long ago. Dr. Stoll noted that imaging studies indicate Mr. Miller had mild lumbar spondylosis without an acute disc herniation prior to the compensable injury. Dr. Stoll opined that Mr. Miller's ongoing subjective complaints are not supported by the evidentiary record. The claims administrator denied the addition of displacement of intervertebral disc, spondylosis, and myalgia to the claim on February 27, 2019. A lumbar MRI was performed on May 17, 2019, and revealed narrow disc space at L1-2 and a small L1-2 disc bulge.

In an August 18, 2019, Record Review, Dr. Mukkamala noted that he previously evaluated Mr. Miller for the compensable injury. He opined that Mr. Miller suffered a lumbar sprain as a result of the injury and that Mr. Miller had reached maximum medical improvement. Dr. Mukkamala stated that Mr. Miller was released to return to work and was therefore not temporarily and totally disabled. Dr. Mukkamala opined that the requested additional conditions of intervertebral disc displacement, spondylosis, and myalgia should not be added to the claim because such conditions are degenerative rather than traumatic in nature. Further, myalgia is a symptom which consists of muscle spasms and should not be added to the claim.

The Office of Judges affirmed the claims administrator's decisions closing the claim for temporary total disability benefits and denying the addition of displacement of intervertebral disc, spondylosis, and myalgia to the claim in its November 4, 2019, Order. The Office of Judges found

that Dr. Levin diagnosed chronic back pain and lumbar spondylosis. Dr. Mukkamala opined that the conditions are degenerative and not related to the compensable injury. Further, myalgia is a symptom, not a diagnosis. Dr. Mukkamala concluded that none of the requested conditions should be added to the claim. The Office of Judges also found that Dr. Levin stated in his Diagnosis Update that the compensable injury resulted in a lumbar sprain and exacerbated the other preexisting conditions.

Regarding the lumbar disc displacement, the Office of Judge found that a May 3, 2018, MRI showed an L1-2 disc protrusion. On May 30, 2018, Dr. Crow, a neurosurgeon, reviewed the MRI and found minor spondylosis. A second MRI taken October 26, 2018, showed a central disc herniation at L1-2 and it was noted that the herniation was unchanged from the prior study. A third MRI performed on May 17, 2019, was interpreted as showing a central disc bulge at L1-2. The Office of Judges noted that in the radiology community, the words protrusion and herniation are used interchangeably. However, a disc bulge is neither a protrusion nor a herniation. The Office of Judges concluded that even if Mr. Miller has intervertebral disc displacement, there is insufficient evidence to find that the condition resulted from the compensable injury.

Regarding temporary total disability benefits, the Office of Judges found that Dr. Mukkamala concluded on September 10, 2018, that Mr. Miller had reached maximum medical improvement and could return to work at light duty with restrictions. On September 26, 2018, Dr. Levin stated that Mr. Miller was capable of working with restrictions, and the Office of Judges determined that by that point, Dr. Levin was primarily treating Mr. Miller for pain. Given that both Drs. Mukkamala and Levin found Mr. Miller could return to work and provided similar restrictions, and the fact that Dr. Levin was providing only pain management, the Office of Judges concluded that Mr. Miller had reached his maximum degree of medical improvement. The claims administrator's closure of the claim for temporary total disability benefits was therefore affirmed. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 21, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The standard for the addition compensable conditions is the same as for compensability. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). A preponderance of the evidence indicates Mr. Miller did not sustain displacement of intervertebral disc, spondylosis, or myalgia as a result of his employment. Myalgia is a symptom, not a diagnosis, and the remaining diagnoses appear to be degenerative rather than the result of an acute injury. Regarding the closure of the claim for temporary total disability benefits, West Virginia Code § 23-4-7a provides that temporary total disability benefits will cease when the claimant has reached maximum medical improvement, has been released to return to work, or has returned to work, whichever occurs first. The evidence indicates that Mr. Miller has both reached his maximum medical improvement and been released to return to work.

Affirmed.

**ISSUED:** October 4, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

6